PAUL W. BLAKE (SBN: 94963)
747 S Mission RD PO Box 2636
Fallbrook CA 92028
tele: 619-208-2470
Email:paulwblake@att.net
Attorney for Defendant
Aaron Michael Pedigo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AARON MICHAEL PEDIGO<br><br>　　　　　　　　　Defendant. | Case No.: 21CR:00105-JGB-5<br><br>SENTENCING MEMORANDUM<br><br>Date April 29, 2024<br>Time: 2:00pm<br><br>HON. Jesus G. Bernal<br>United States District Judge |

　　Defendant, Mr. Pedigo by and through his counsel presents his sentencing memorandum to assist the court in determining an appropriate sentence.. This position is based on the included memorandum, letters of support and any and all evidence to be produced at the hearing on this matter. Attached and incorporated by reference are certificates of program completion, BOP Psychology Services-DAP, a psychological evaluation prepared by Dr. Fisher with excerpts as to diagnosis and treatment letter by MSW, Juan Ramos.

Respectfully submitted,

DATED: March 30, 2024　　　　　　　　/s/ Paul W. Blake
　　　　　　　　　　　　　　　　　　　PAUL W. BLAKE
　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　Aaron Pedigo

## I.
## STATEMENT OF FACTS

Defendant is to be sentenced on November 13, 2023 after pleading guilty to one count of conspiracy to distribute methamphetamine a violation of 21 USC Sec. 846, 21 USC Sec. 841(b)(1)(A).

## II.
## SENTENCING CALCULATIONS

A. <u>Pre-Sentence Report</u>

The Pre-Sentence Report by the Probation Office uses the following sentencing calculation:

| | |
|---|---|
| <u>Base Offense Level</u>  USSG §2D1.1 | 38 |
| <u>Specific Offense Characteristics</u> | 0 |
| Acceptance of Responsibility USSG Sec. 3E1.1(b) | -3 |
| Adjusted Offense Level: | 35 |

Probation finds defendant is in a Criminal History Category VI.

Probation believes guideline range to be 292-365 months but recommends a sentence of 210 months with five years of supervised release.

## III.
## DEFENSE SENTENCING POSITION

The Defense requests a sentence of 48 months with 5 years of supervised release. The defense calculates that he has been in custody for at least two years.

A. Acceptance of Responsibility: USSG §§3E1.1(a) and (b)

Mr. Pedigo has shown acceptance of responsibility for his actions pursuant to USSG §§3E1.1(a) and (b), he should receive a downward departure of three accordingly. The government believes that Mr. Pedigo has satisfied all requirements

2

under the First Step Act. Probation disagrees and because of the criminal history believes Mr. Pedigo to be a career offender. The defendant will advocate to the Court that he should not be found to be a career offender or that there is mitigation that supports treatment for substance abuse and mental health.

C.   Mitigating Factors:   18 U.S.C § 3553(a)

The United States Sentencing Commission Guidelines became advisory after *United States v. Booker* (2005). The Court has the authority to sentence Mr. Pedigo as it finds appropriate.

Mr. Pedigo is 41 years old and continues to experience the consequences of a difficult childhood. Mr. Pedigo's father suffered from mental health issues and that has been passed on to Mr. Pedigo because he has struggled with it all of his life. Mr. Pedigo in addition to a disposition for mental health issues has been diagnosed with PTSD. He has also suffered from a substance abuse problem for most of his adult life. The probation officer has found that Mr. Pedigo has had only very limited and inadequate treatment for his substance abuse and mental health. He has since his incarceration been working on obtaining such counseling that has been made available and has reconnected with his children telephonically. Attached and incorporated as exhibits are the materials from assessments and treatments previously that are discussed here and in the probation report.

## IV.
## CONCLUSION

under the First Step Act. Probation disagrees and because of the criminal history believes Mr. Pedigo to be a career offender. The defendant will advocate to the Court that he should not be found to be a career offender or that there is mitigation that supports treatment for substance abuse and mental health.

C.   Mitigating Factors:  18 U.S.C § 3553(a)

The United States Sentencing Commission Guidelines became advisory after *United States v. Booker* (2005). The Court has the authority to sentence Mr. Pedigo as it finds appropriate.

Mr. Pedigo is 41 years old and continues to experience the consequences of a difficult childhood. Mr. Pedigo's father suffered from mental health issues and that has been passed on to Mr. Pedigo beause he has struggled with it all of his life. Mr. Pedigo in addition to a disposition for mental health issues has been diagnosed with PTSD. He has also suffered from a substance abuse problem for most of his adult life. The probation officer has found that Mr. Pedigo has had only very limited and inadequate treatment for his substance abuse and mental health. He has since his incarceration been working on obtaining such counseling that has been made available and has reconnected with his children telephonically. Attached and incorporated as exhibits are the materials from assessments and treatments previously that are discussed here and in the probation report.

## IV.
## CONCLUSION

For the reasons outlined in this paper the Defense requests 48 months with recommendation for the RDAP program with treatment for mental health for this defendant and a five years supervised release.

Respectfully submitted,

DATED: April 18, 2023

/s/ Paul W. Blake
PAUL W. BLAKE
Attorney for Defendant
Aaron Michael Pedigo